IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MICHAEL CANDA, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Criminal No. 1:07CR356 <br> Civil Action No. 1:09CV589 |

## MEMORANDUM OPINION

This case is before the Court on the Petitioner Michael Canda's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

On August 30, 2007, the Petitioner was charged in Counts One and Two of an Indictment for his role in a conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841. The Indictment also included a forfeiture provision, requiring that Canda forfeit to the United States any property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violation up to $50,000, if convicted of Count One or Two of the Indictment.

On November 16, 2007, the Petitioner, after consultation with his defense counsel, executed a Plea Agreement wherein he entered a plea of guilty to Count One of the Indictment, conspiracy to distribute 500 grams or more of a mixture of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C §§ 846 and 841. The Court accepted petitioner's plea and found him guilty. A conviction for this offense carries a mandatory minimum sentence of 120 months. On March 14, 2008, this Court sentenced the Petitioner to 121 months, within the calculated sentencing guidelines range of 121 - 151 months, as well as 5 years supervised release, and a $100 special assessment. Canda filed the instant Motion for relief pursuant to 28 U.S.C. §2255 on May 20, 2009, and a Motion To Reconsider pursuant to Rule 4(a)(1) and 3(d), for missing the filing deadline of March 14, 2009. In his §2255 Motion, Canda moves to vacate, or set aside his conviction, or remand his case for re-sentencing.

The Petitioner claims that he is entitled to relief based on ineffective assistance of counsel and claims that the District Court erred in failing to comply with Federal Rule of Criminal Procedure 11(c) in enhancing Canda's offense level for possession of a dangerous weapon.

The Sixth Amendment provides, in relevant part, that: "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth-Amendment right to counsel includes the right to the effective assistance of counsel. U.S. v. Strickland, 466 U.S. 688, 686 (1984). The Supreme Court employs a "highly deferential" standard for assessing ineffective-assistance-of-counsel claims, requiring demonstration of inadequate performance and actual prejudice, both of which must be established in order to demonstrate ineffective assistance of counsel. See Strickland, 466 U.S. at 686, 700; Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). To establish a claim for ineffective assistance of counsel, therefore, the following must be established: (1) that the conduct of the defendant's attorney fell below an objective standard of reasonableness (requiring an evaluation of the attorney's performance from his perspective at the time of the alleged error and in light of all the circumstances); and (2) that the attorney's deficient performance caused the defendant actual prejudice. See Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." See id. at 694. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." See id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Accord Strickland, 466 U.S. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997); Hurdle v. United States, Civ. No. 2:07cv49, Crim. No. 2:06cr21, 2007 WL 1555779, at *3-5 (E.D. Va. May 22, 2007) (quoting Kratsas). In assessing whether a defendant has overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." See Strickland, 466 U.S. at 689. Demonstration of both ineffective performance and actual prejudice is essential: "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Thus, where prejudice is not established, evaluation of performance is rendered unnecessary. See Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Accord Strickland, 466 U.S. at 697; Terry, 366 F.3d at 315.

A petitioner alleging ineffective assistance of counsel following a guilty plea must meet an even higher standard. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). Such a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. An inquiry into whether a petitioner has presented enough evidence to demonstrate such a reasonable probability will often necessitate an inquiry into the likely results at trial. See id. at 59-60. In evaluating a claim of ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a Rule 11 proceeding, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; accord Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill, 474 U.S. at 59). That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the "voluntary and intelligent" nature of the plea. See Fields, 956 F.2d at 1299.

In order to prevail on an ineffective assistance of counsel, the petitioner must show (1) that his counsel's representation did not meet an objective standard of reasonableness, considering all of the circumstances of the case as viewed at the time of counsel's

conduct, and (2) that the defendant suffered prejudice as a result of counsel's deficient performance. Strickland, 466 U.S. at 687, 688, 690.

Canda contends that his counsel failed to inform him of the actual terms of the Plea Agreement. He further maintains that had he known that the charge against him included the possession of a dangerous weapon, he would never have entered the Plea Agreement.

Mr. Farquhar met with Canda on several occasions and reviewed the Plea Agreement. Page four of the Plea Agreement, paragraph b, states:

> "The parties agree that based on the evidence available to the government at the time of the entry of the plea of guilty, the defendant's conduct supports a two-level enhancement for possession of a dangerous weapon, pursuant to § 2D1.1(b)(2) of the Sentencing Guidelines, because the defendant did, in fact, possess a firearm during the course of the conspiracy."

Canda signed this Plea Agreement, below a paragraph that reads:

> Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to 18 U.S.C.§ 3553 and the provisions of the Sentencing Guidelines Manual that may apply to this case. I have read the plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it. Plea at 12.

Canda also signed the Statement of Facts. On page 2 of the Statement of Facts, paragraph 8 reads:

> "During the course of the conspiracy, Canda possessed a firearm in connection with the conspiracy."

Canda signed this document under the following paragraph:

> "After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Michael Canda, and the United States, I hereby stipulate to that the above Statement of Facts is true and accurate, and had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt."

At Canda's plea hearing on November 16, 2007, the Court reviewed the Plea Agreement with Canda. After the Court reviewed the terms of the Plea Agreement with Canda, he confirmed that he was pleading guilty of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine because he was in fact guilty.

Canda's self-serving allegation that counsel failed to inform him of the actual terms of the Plea Agreement is frivolous and without merit.

Canda's second claim of ineffective assistance is based on his counsel's failure to consult with the defendant regarding his right to appeal. He states that had he known he was waiving his right to appeal, he would never have signed the Plea Agreement. As part of

that Plea Agreement which was executed and agreed upon in this Court on November 16, 2007, Canda indicated that he had consulted with his attorney and fully understood all rights with respect to the pending criminal Indictment. He additionally indicated that he read and carefully reviewed every part of the agreement, understood it and voluntarily agreed to it. The Plea Agreement includes a paragraph explicitly explaining that the defendant has waived his right to appeal. During his plea colloquy on November 16, 2007, Canda affirmed the knowing and voluntary acceptance of his Plea Agreement and all of the parts contained therein.

Canda's representations in Court therefore bar his ability to attack the adequacy of the representation he received, including the waiver of his right to appeal:

> "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" [United States v. White, 366 F. 3d 291, 295 (4th Cir. 2004)] (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)]) . . . "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" id. at 295-96 (quoting Blackledge, 431 U.S. at 74). Thus, in the absence of extraordinary circumstances, . . .allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." See Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily

relies on allegations that contradict the sworn statements.

Canda's conviction resulted from his entry of a guilty plea, which, by its very nature,

> "is more than a confession which admits that the accused did various acts." Boykin v. Ala., 395 U.S. 238, 242 (1969). It is an "admission that [the accused] committed the crime charged against him." N. C. v. Alford, 400 U.S. 25, 32 (1970). By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

United States v. Broce, 488 U.S. 563, 570 (1989). Thus, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Id. at 569. A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea: "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508, (1984) (footnote omitted). See also Bousley v. United States, 523 U.S. 614, 621 (1998)(citing Mabry); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Canda wants this Court to find that he was unaware of his waiver of appeal, despite the fact that the terms of the Plea Agreement explicitly state his waiver of right to appeal, his counsel's performance was deficient or fell below that which is reasonable. This contention is completely baseless.

Canda contends that his defense counsel was ineffective for failing to argue that the two point enhancement for possession of a dangerous weapon amounted to a variance or amendment of the Indictment. Enhancements are not constructive amendments to the offense, and do not need to be included in the Indictment. United States v. Haggerty, 85 F. 3d 403, 405 (8th Cir. 1996) (citing United States v. Hamell, 3 F.3d 1187, 1189 (8th Cir. 1993)). Because it is not ineffective assistance when counsel fails to make a frivolous objection, Canda's claim that counsel was ineffective for failing to object to facts not in the Indictment is meritless.

As part of his ineffective assistance of counsel claim, Canda argues that counsel failed to conduct a reasonable investigation before advising him to plead guilty. Moreover, as the Court of Appeals for the Fourth Circuit has held, "counsel is not ineffective merely because he overlooks one strategy while diligently pursuing another." Williams v. Kelly, 816 F. 2d 939, 950 (4th Cir. 1987).

In an attempt to show that his counsel failed to conduct a reasonable adequate investigation, Canda offers information to demonstrate that one of the government witnesses, an ex-girlfriend, is unreliable, and offers other documents that show that he did not receive a telephone call on days of certain methamphetamine distributions. This information fails to set forth a claim under Strickland. Among the facts known to the government, Canda sold methamphetamine to undercover agents, and his ex-girlfriend was a cooperating witness for the government. Through discovery, Farquhar received reports that Canda and his ex-girlfriend made a trip to New Jersey to obtain and distribute methamphetamine together on at least one occasion. Further, Canda was unable to name a witness that could testify on his behalf. As Mr. Farquhar and Canda had discussed the case, and decided that it was in Canda's best interest to plead, Farquhar then sought a three level reduction in sentence for Canda, based on acceptance of responsibility. It would not be unreasonable for defense counsel to fail to bring up negative characteristics regarding a government witness, as it would undermine his strategy of showing that Canda accepted responsibility for his role in the conspiracy.

Canda contends that the District Court erred by failing to comply with Federal Rule of Criminal Procedure 11(c) and by applying the two-level enhancement for Possession of a Firearm.

Canda argues that the Court violated Fed. Rule Crim. Proc. 11(c) by failing to read him the Indictment. As proof that the Court failed to read the charges in the indictment, Canda cites to the sentencing transcripts, which he has marked as Exhibit C. Id. Canda has apparently confused the plea agreement procedure, covered under Rule 11(c), with the sentencing hearing, not covered under this rule. However, assuming that Canda is referring to the plea hearing, Canda's claim that he did not understand his waiver of right to appeal and that he was not informed of the nature of the charges against him is patently false. During his plea colloquy on November 16, 2007, Canda clearly acknowledged his knowing and voluntary acceptance of his Plea Agreement and all of the parts contained therein. Also, during the plea hearing, the Court reviewed the plea with Canda, including his admission to firearm possession. Because Canda admitted his guilt, and never objected or attempted to deny that he possessed a firearm in connection with the conspiracy, Canda's admission was knowing and voluntary, and he waived his right to contest his enhanced sentence. Nelson v. U.S, 22 F.Supp.2d 860, 865 (1998). Thus, Canda's argument that the District Court failed to comply with its obligations under Fed. Rule. Crim. Proc. 11(c) is baseless.

Canda further argues that the District Court erred in enhancing Canda's offense level for possession of a dangerous

weapon. This argument is not supported by fact or law. It is the duty of the Court to correctly calculate the advisory guideline range, and impose a sentence, while considering the sentencing range and the applicable category of the offense committed. 18 U.S.C. §3553(a)(4)(A). As stated in the Plea Agreement:

> "The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guideline Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. §3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence." Plea ¶ 5.

Because the Court did in fact have subject matter jurisdiction over the sentencing, no actual prejudice resulted from the defense counsel's failure to make a frivolous argument. Further, the Plea Agreement explicitly states that the parties stipulated to a two level enhancement:

> "The parties agree that based on the evidence available to the government at the time of the entry to the plea of guilty, the defendant's conduct supports a two-level enhancement for possession of a dangerous weapon pursuant to §2D1.1(b)(2) of the Sentencing Guidelines, because the

-13-

defendant did, in fact, possess a firearm during the course of this conspiracy." Plea ¶5(b).

The guidelines are but one factor the Court took into account when deciding the appropriate sentence for Canda. The mandatory minimum sentence Canda would receive for his conviction was 120 months. It is clear that the Court did not treat the guidelines as presumptively reasonable. Canda was sentenced at the lowest end of the guidelines range and received a sentence of 121 months when he had a mandatory minimum sentence of 120 months.

At the sentencing hearing, the Court asked both parties whether they had any corrections to make to the presentence report, and they indicated that they did not. The presentence report calculated Canda's criminal history to be a Category II. His base offense level was 32, and with the 2 point firearm enhancement his adjusted offense level was 34. He was given a 3 level reduction for acceptance of responsibility resulting in a total offense level of 31. The presentence report calculated his guideline range to be 121-151 months, with a 10 year mandatory minimum.

Guidelines were correctly calculated and included the enhancement for firearms, sentencing Canda to 121 months, the lowest end of the recommended guideline range.

"A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [that individual] to relief." United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293, 312 (1963)) (evaluating § 2255 motion). With respect to Canda's claims, an evidentiary hearing is not required because the record before the Court, along with the Court's recollection of the case, are adequate to dispose of the allegations. See Hill v. United States, 368 U.S. at 428 (citation omitted). Sanders v. U.S., 373, 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963); Machibroda, 368 U.S. at 495; Brown, 546 F.Supp.2d at 314 (citing Sanders and Machibroda). Canda has failed to offer any evidence in support of his allegations, which often fail to describe any actual prejudice. In the face of such defects, Canda is unable to demonstrate the persuasiveness of his position, shoulder his burden of proof, or overcome the evidence presented in opposition to his claims. Canda's claims are therefore "palpably incredible" and "patently frivolous or false," and may be summarily dismissed on whole. U.S. v. Lemaster, 403 F.3d 216 at 221.

For the foregoing reasons, Canda's Motion pursuant to 28 U.S.C. § 2255 should be denied.

An appropriate Order shall issue.

              /s/
       Claude M. Hilton
    United States District Judge

Alexandria, Virginia

February 26, 2010